Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOLENE GARNER,<br><br>Plaintiff,<br><br>v.<br><br>ASSET MANAGEMENT ASSOCIATES, INC., a corporation<br>&<br>THERESA SHEFFIELD, individually,<br><br>Defendants. | **COMPLAINT**<br><br>Case no: 2:10-cv-00965-CW<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, Jolene Garner ("Plaintiff"), is a natural person residing in Salt Lake County, Utah.

4. Defendant Asset Management Associates, Inc., ("Defendant Asset") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant Asset regularly attempts to collect debts alleged due another.

5. Defendant Theresa Sheffield ("Defendant Sheffield") is, on information and belief, the chief executive of Asset Management Associates, Inc., and is engaged in the business of collecting debts by use of the mails and telephone. Defendant Sheffield regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

6. Defendants are each a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8. All activities of Defendants set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

9. Within the last year, Defendants took multiple actions in an attempt to collect a debt from Plaintiff. Defendants' conduct violated the FDCPA in multiple ways, including the following.

10. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including Defendants attempting to collect a debt from Plaintiff without first obtaining a license as required by Utah law (§ 1692f)).

2

11. In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information, including Defendant Asset contacting Plaintiff's ex-husband and employer for purposes other than obtaining location information (§ 1692b & § 1692c(b));

12. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including Defendant Asset threatening to continue calling Plaintiff at work after Plaintiff specifically requested that all calls cease to her workplace. In response to Plaintiff's request not to receive calls at work, Defendant Asset stated that Defendant Asset can call Plaintiff anywhere it likes because Plaintiff owes money. Defendant Asset has also threatened to garnish wages without the benefit of a judgment § 1692e(5) & § 1692e(10));

13. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including Defendant Asset attempting to intimidate and harass Plaintiff into paying the debt by calling third parties and threatening to continue to do so, by Defendant Asset accusing Plaintiff of lying, by Defendant Asset making false threats and by Defendant Asset using rude and abusive language and tones in conversation with Plaintiff (§ 1692d)).

14. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15. Defendants intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

16. Defendants' actions, detailed above, were undertaken with extraordinary

disregard of, or indifference to, known or highly probable risks to purported debtors.

17. To the extent Defendants' actions, detailed in paragraphs 9-13, were carried out by an employee of Defendants, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

1. Plaintiff reincorporates by reference all of the preceding paragraphs.

2. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendants for violations of the FDCPA, §§ 1692f, 1692d, 1692e(10), 1692e(5), 1692b & 1692c(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 30th day of September, 2010.

TRIGSTED LAW GROUP, P.C.

_____
Joshua Trigsted
*Attorney for the Plaintiff*

**PLAINTIFF'S ADDRESS**
Draper, UT