IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOLENE GARNER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ASSET MANAGEMENT ASSOCIATES, INC. and THERESA SHEFFIELD,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:10-cv-00965 CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

Plaintiff Jolene Garner asserts the defendants violated various provisions of the Fair Debt Collection Practices Act when they sought to collect a debt for non-payment of homeowners' association ("HOA") fees.  The defendants are Asset Management Associates, Inc. ("Asset Management") and its president, Theresa Sheffield (collectively "Defendants").  Plaintiff seeks partial summary judgment against Defendants on the ground that they were not licensed as debt collectors when they attempted to collect the debt from Plaintiff.  Plaintiff has failed to provide sufficient evidence to support her summary judgment motion.

## FACTUAL BACKGROUND

The facts asserted by Plaintiff are brief.  From April, 2009 to May, 2011, Asset Management attempted to collect a debt from Plaintiff for non-payment of HOA fees.  Asset Management was not licensed in Utah as a debt collector until approximately May, 2011.  Ms. Sheffield is Asset Management's president and has ultimate control over all operations.  These facts are accepted as true for purposes of this motion.

## ANALYSIS

The debt at issue here is for non-payment of HOA fees. Such fees have been recognized as falling within the ambit of the Fair Debt Collections Practices Act ("FDCPA"), *Ladick v. Van Gemert*, 146 F.3d 1205, 1206 (10th Cir. 1998), provided the fees are not to pay a fine for violation of HOA rules. *Durso v. Summer Brook Pres. Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1264 65 (M.D. Fla. 2008). Plaintiff has failed to provide evidence to the court about the nature of the HOA fees at issue. Absent this information, Plaintiff has not proven that her debt falls under the FDCPA.

Even if the HOA fees do fall under the FDCPA, Plaintiff faces a second hurdle. The question at issue is whether violation of a state debt collection statute can result in a violation of the FDCPA. In Utah, debt collectors must be registered and bonded before they can begin collecting on a debt. Utah Code Ann. §§ 12-1-1, 12-1-2. These provisions are designed to protect consumers and are important enough that violating them is a class A misdemeanor. *Id.* § 12-1-6. The court concludes, however, that failing to register does not create a *per se* violation of the FDCPA because the FDCPA "was not meant to convert every violation of a state debt collection law into a federal violation." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010).

This does not mean, however, that failing to register may never result in an FDCPA violation. Indeed, the FDCPA expressly prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Because a person cannot lawfully attempt to collect a debt in Utah unless they are registered and bonded, the court concludes that failing to register may "support a federal cause of action under Section 1692e(5) of the FDCPA," *if* a person threatens "to take an action it could not legally take." *LeBlanc*, 601 F.3d at 1192. Importantly, however, courts distinguish between communications that merely inform a

person they owe a debt versus those that threaten to take an action. *See Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996); *LeBlanc*, 601 F.3d at 1192 93.

Here, Plaintiff provided the transcript from Ms. Sheffield's deposition. Plaintiff's counsel asked Ms. Sheffield if Defendants ever told Plaintiff they would garnish her wages, file suit, or keep calling her until she paid the debt. Sheffield Dep. Tr., 19:17 20:1 (Dkt. No. 18, Ex. 1). Ms. Sheffield stated she had "no knowledge of any statement like that ever being said." *Id.* at 20:2 3. Such evidence does not show that Defendants threatened to take a legal action they could not lawfully take. Moreover, Plaintiff has failed to provide the court with any other evidence to establish this fact. Plaintiff is therefore not entitled to summary judgment, based on the present record, and the court hereby DENIES her motion.

## CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's motion for partial summary judgment.[1]

DATED this 20th day of December, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[1] Dkt. No. 17.